## M'Call *against* Sybert.

When a survey has been made by an assistant of a deputy surveyor and re-turned by the deputy himself, it is *prima facie* evidence that an actual survey was made on the ground.

WRIT of error to the common pleas of *Armstrong* county.

This was an action of ejectment by Archibald M'Call against Henry Sybert and John Barnhart for four hundred acres of land. The plaintiff claimed title under a warrant to William Nixon, which had been directed to George Ross, the deputy surveyor, and which, it was alleged, had been executed by James Buchanan, his assistant. The alleged error was in the opinion of the court on the subject of the proof of actual survey.    The court charged the jury thus :

" Mr Ross has referred to drafts and notes of survey, which he believes were in the handwriting of James Buchanan.    They have not been produced; nor has any testimony been given, either by Mr Buchanan or any other person, when any survey was actually made in pursuance of Nixon's warrant.    It is undoubtedly true that the return of a survey by a deputy surveyor is *prima facie* evidence of its contents, but it is equally so that it may be impugned by testimony: and where a jury become fully satisfied that the return was erro-neous, or founded in fraud, the return is entitled to no weight; for in the case of Omay *v.* The Executors of Dr Smith, which has been cited, a draft of the lines of survey actually made of the land by one having authority from the deputy surveyor, was produced at the trial and annexed to the deposition of the person so authorized, to show the time of making it, and by virtue of what warrant, being a written document, and the only safe evidence of those facts.    Here no such production, with the want of the book of entries and surveys thereon, as required by the act of assembly, form together a strong presumption against the validity of the survey under which the plaintiff derives title.    I will not go so far as to say that it is conclu-sive, but it is worthy of your serious consideration.    The return by a deputy surveyor of a survey made by another, is also considered to amount to a ratification; but it then ought to appear, by some kind of evidence, that the survey was really and *bona fide* made by that other person, in pursuance of the warrant to the deputy himself."

*White*, for plaintiff in error.
*Buffington*, for defendant in error.

The opinion of the Court was delivered by
SERGEANT, J.—There is no error in any of the points assigned for

[M'Call v. Sybert.]

error in this record, excepting the second, in which the position is broadly laid down by the court, that the return of a deputy surveyor of a survey made by another, is considered to amount to a ratification; but it then ought to appear, by some kind of evidence, that the survey was really and *bona fide* made by that other person in pursuance of the warrant. It cannot be pretended that it is incumbent on the party to furnish such evidence where the survey is made, as well as returned, by the deputy himself; for it is settled that in such case the presumption in favour of an actual survey having been made, exists until the adverse party disproves it. Renn *v.* Pennsylvania Hospital, 2 *Serg. & Rawle* 414. There is no reason why a survey made by the assistant, and ratified by the deputy surveyor, should have less force and effect than if made by the deputy himself. The authority of the latter to employ an assistant to make surveys for him has never been questioned; nor, perhaps, could the public business, at times, have been transacted without it. Numberless surveys have been made by assistant deputy surveyors for their principals, and when adopted and returned by the latter, have been accepted as valid. It would be dangerous to hold that they were of less authority than if made by the deputy surveyor personally. *Qui facit per alium facit per se.* The quality of the act done is the same in both instances. For this error only, the judgment is reversed.

Judgment reversed, and a *venire facias de novo* awarded.